IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS A. GIVENS,

    Plaintiff,

v.                                                                    Civil Action No. 5:12-cv-145

SCOTT R. SMITH, et al.,

    Defendants.

**ORDER ON PENDING MOTIONS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO AMEND COMPLAINT BE DENIED**

***I. INTRODUCTION***

A complete history of this case is detailed in the Memorandum Opinion and Order issued by Judge Stamp on July 1, 2013.[1] As a result of that Order, all but one of the eleven original Defendants were dismissed from the case. Only Defendant Weaver remains as a Defendant. The parties entered their Joint Rule 26(f) Conference Report on September 6, 2013. Defendant filed his Rule 26(a) disclosures on September 20, 2013, and Plaintiff filed his disclosures on September 23, 2013. On October 21, 2013, Judge Stamp entered a scheduling order in this case setting a discovery deadline of April 8, 2014.[2] Currently, there are several motions pending before the Court. First, on January 31, 2014, Plaintiff filed a Motion to Amend Complaint,[3] and Defendant filed a Response in Opposition on February 14, 2014.[4] On February 7, 2014, Plaintiff filed a Motion to Retain Expert

---

[1] Dkt. No. 103.

[2] Dkt. No. 137.

[3] Dkt. No. 145.

[4] Dkt. No. 148.

Witnesses,[5] and Defendant filed a Motion to Strike that motion on March 11, 2014.[6] On February 28, 2014, Plaintiff filed a Motion to Compel Deposition,[7] and Defendant filed a Response in Opposition on March 14, 2014.[8] Plaintiff filed a Reply to Defendant's Response in Opposition on March 20, 2014.[9] The Court will address each motion in turn.

## II. DISCUSSION

### A. *Plaintiff's Motion for Leave to Amend Complaint (Doc. 145)*

In his motion, Plaintiff seeks to file an amended complaint in order to add two West Virginia State police officers as defendants, D.L. Robinson ("Robinson") and Sergeant Branham ("Branham"). Plaintiff contends that leave to amend should be granted because it will clarify the dispute between the parties. Attached to Plaintiff's motion are Defendant's Rule 26(a)(1) disclosures and his proposed amended complaint. Other than the addition of the following new paragraphs, the amended complaint is identical to Plaintiff's original complaint:

> Defendant Robinson, Branham denied Plaintiff, or caused Plaintiff to be subjected, unlike any citizen of the United States or other person within the jurisdiction thereof to the deprivation the Plaintiff of the rights, privileges, or immunities secured by the Constitution and laws of the United States in the reporting of crimes. And so, has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law by such actions name in Counts I through V, contained herein.
>
> Acting under "color of law" and agent for a governmental agency that receives state and federal funds, Defendant Robinson, Branham is mandated to comply with federal and state laws, including due process and the First through Fourteenth Amendments to the United

---

[5] Dkt. No. 146.

[6] Dkt. No. 152.

[7] Dkt. No. 151.

[8] Dkt. No. 153.

[9] Dkt. No. 157.

States Constitution.

According to Defendant Robinson, Branham law enforcement Procedural Operations Guidelines, Amendment rights require that Defendant Defendant Robinson, Branham not interfere with due process and the equal protection of law, and because of that, Defendant Robinson, Branham is required to provide equal access to the reporting, law enforcement of crimes. Consequently, as a matter of official policy, practice, custom, and/or procedure, Defendant Robinson, Branham has intentionally dedicated his expressive conduct by breach of duty to the laws, statutes and ordinances affective to the civil and constitutional rights to be free from molestation of the reporting of all crimes and misdemeanors affecting the Plaintiff, namely color of federal and state laws, without bias, favoritism, or conflict of interest.

At all times and dates contained herein, Defendant Robinson, Branham have permitted the public reporting of crimes without bias to others not affiliated with the Plaintiff, and on the days and times of Counts I through V of Plaintiff's complaint herein.

During the times and dates cited herein, Defendant Defendant Robinson, Branham have denied the Plaintiff, and targeted the Plaintiff, as well as his expert(s), that have reason to believe that the added Parties are PART AND PARCEL of the allegations herein, and complicate with the remain parties to this suit, and contained within this Plaintiff's AMENDED COMPLAINT.

Defendant Robinson, Branham have denied Plaintiffs' access to a public forum to express their civil and constitutionally-protected views, and denial of victims rights under color of law, and biased the content of a clear and proper criminal investigation expressed by Plaintiff, and extreme restriction on Plaintiff, that at all times named herein, placing Plaintiff in great harm, and risk of further injuries, loss of companionship, all physical and emotional strain and damage.[10]

---

[10] The Court notes that on the same day Plaintiff filed his motion to amend, Plaintiff Greg Givens also filed a motion to amend in companion case 5:12-cv-155 seeking to add Dean, Adams, Branham, and Weaver as parties to his original complaint. Other than containing the names Dean, Adams, Branham, and Weaver, rather than Robinson and Branham, the new paragraphs set forth in Greg Givens's proposed amended complaint are *identical in every respect* to the new paragraphs set forth in Dennis Givens's proposed amended complaint. *See* 5:12-cv-155, Dkt. No. 162-1, p. 10-12. In the same vein, Plaintiff Carol Pizzuto also filed a motion to amend on January 31, 2014, in companion case 5:12-cv-149, seeking to add new parties Dean and Adams. Again, other than different names, Carol Pizzuto's proposed amendment is *identical in every respect* to the proposed amendments of Greg and Dennis Givens. *See* 5:12-cv-149, Dkt. No. 166-1, p. 7-8. It is apparent to the Court that all three Plaintiffs merely drafted these new "allegations" and simply placed the corresponding names into his or her respective "amended" complaint.

Defendant argues that Plaintiff's proposed amendment is futile because it fails to state a claim upon which relief can be granted as to the new defendants and because, as to Defendant Weaver, it adds nothing new to the allegations against him. Additionally, Defendant contends that the proposed amendment "is a bad faith attempt to renew claims against Defendants that have already been dismissed."

Under Federal Rule of Civil Procedure 15, a "court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.2008)). Thus, a proposed amendment that would clearly be subject to immediate dismissal through a 12(b)(6) motion to dismiss is futile and leave to amend should be denied. *See Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir.1986) (leave to amend should be denied "when the proposed amendment is clearly insufficient or frivolous on its face"); *Jones v. N.Y. Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999) (amendments subject to "immediate dismissal" for failure to state a claim are futile).

---

This clear example of "cut and paste" pleading only helps to bolster the Court's finding, discussed in detail below, that Plaintiff utterly fails to state a claim against the new defendants.

The undersigned agrees that Plaintiff's proposed amendment would be futile because it clearly fails to state a claim, and it would undoubtedly be subject to immediate dismissal under Rule 12(b)(6). *See Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) (holding that futility of an amendment is assessed under the standard of Fed.R.Civ.P. 12(b)(6)). For a complaint to avoid dismissal for failure to state a claim upon which relief may be granted, it must include factual allegations sufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The Court must accept factual allegations as true, but it need not accept the plaintiff's legal conclusions. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The complaint must have facial plausibility; thus, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Thus, to meet the plausibility standard and survive dismissal for failure to state a claim, a complaint must offer more than "a sheer possibility that a defendant has acted unlawfully." *Id.* A pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (internal quotation omitted).

Here, Plaintiff's allegations against Robinson and Branham are completely conclusory and devoid of any factual allegations that would give rise to a claim for relief. In fact Plaintiff's amendment does not alter in any respect the factual substance of his previously pled causes of action, almost all of which have already been dismissed for failure to state a claim. Plaintiff baldly asserts that the new defendants "denied" and "targeted" him, but offers no factual support for these allegations. Similarly, Plaintiff claims that the new defendants "denied Plaintiffs' access to a public forum to express their civil and constitutionally-protected views," denied his victim's rights, and

"biased the content of a clear and proper criminal investigation expressed by Plaintiff." Again, there are no facts set forth to substantiate these vague and poorly-worded claims. Additionally, Plaintiff did not add any of the "new" defendants to a single cause of action in his proposed amended complaint. He merely recites, verbatim, the causes of action from his original complaint and states that these "new" defendants are "part and parcel" of those prior allegations.

Most significantly, however, is Plaintiff's reliance on Defendant's initial disclosure filings as a rationale for amending his complaint. Specifically, Weaver listed, *inter alia*, Branham and Weaver as persons likely to have discoverable information. It appears to the Court that Plaintiff merely selected from this lists the individuals not yet named in his original complaint. This conclusion is buttressed by the fact that Greg Givens and Carol Pizzuto also attached initial disclosure filings to their motions for leave to amend as a justification for adding new parties to their complaints. Thus, Greg Givens seeks to add Dean, Adams, Branham, and Weaver because he already named Robinson and Zimmerman as defendants in 5:12-cv-155. Similarly, Carol Pizzuto only seeks to add Dean and Adams because she already named Robinson and Zimmerman in 5:12-cv-149 and because Branham and Weaver, although not originally named by Pizzuto, are not listed on Zimmerman's initial disclosures in her case. *See* 5:12-cv-149, Dkt. 166-2. Moreover, it is equally apparent to the Court that each Plaintiff, after selecting his or her "missing" defendants from these lists, merely inserted these "new" defendants into a pre-prepared statement of generic allegations. Under these circumstances, it is impossible for this Court to "draw the reasonable inference that [each] defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Accordingly, the Court finds that it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521. Plaintiff's proposed amendment is clearly futile because it would be subject to immediate dismissal for failure to state a claim. Thus,

Plaintiff's Motion for Leave to Amend (Doc. 145) should be **DENIED**.

*B. Plaintiff's Motion to Retain Experts (Doc. 146)/Defendant's Motion to Strike (Doc. 152)*

On February 7, 2014, Plaintiff filed a Motion and Notice to Retain Experts seeking "leave to retain experts." Attached to this motion is a list of two "potential persons expected/called for expert testimony as expert witnesses." The only information provided about each expert is the expert's name and a brief description of services provided by the expert. Citing the Federal Rules of Civil Procedure and this Court's Scheduling Order, Plaintiff moves the Court to grant him leave to retain these experts. On March 11, 2014, Defendant filed a Motion to Strike Plaintiff's Motion to Retain Experts. Defendant argues that Plaintiff's motion should be construed as Expert Witness Disclosures. Defendant also contends that Plaintiff's disclosures "completely fail to comply with Rule 26(a)(2) of the Federal Rules.

To the extent Plaintiff's motion is seeking leave of Court to retain expert witnesses, the Motion is **DENIED**. Plaintiff is free to retain any expert witness he chooses as long as he complies with the procedural requirements of the local and Federal Rules. No leave of Court is required. To the extent Plaintiff's motion is intended to be an expert witness disclosure, the Court agrees that it fails to comply with Federal Rule of Civil Procedure 26, which requires much more information than Plaintiff provided. *See* Fed.R.Civ.P. 26(a)(2). However, the Federal Rules also provide a remedy for such a failure. *See* Fed.R.Civ.P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Thus, unless and until Plaintiff attempts to use his expert witnesses to supply evidence, Defendant's Motion to Strike is premature. Accordingly, Defendant's Motion to Strike (Doc. 152) is **DENIED**.

*C. Plaintiff's Motion to Compel Deposition (Doc. 151)*

As in both 5:12-cv-149 and 5:12-cv-155, the parties in this case have encountered problems with the scheduling of depositions. Specifically, Plaintiff wanted to depose Defendant, and others, first, but Defendant wanted to depose Plaintiff first. In his motion, Plaintiff claims that since August of 2013, he has repeatedly requested Defendant's availability, but that Defendant's counsel ignored his requests. Plaintiff also contends that he has "provided his dates and times of availability for deposition, repeatedly and consistently, with every request of defendant Weaver's counsel." The Court finds that these statements are not accurate. A review of the letters attached to Plaintiff's motion and Defendant's response reveals that Defendant requested Plaintiff's deposition availability first and repeatedly informed Plaintiff that after Plaintiff's deposition took place, Defendant would provide his dates of availability. After months of letters between Plaintiff and Defendant's counsel, on February 13, 2014, Plaintiff informed Defendant's counsel that he was available for a deposition on several dates in March and requested Defendant's dates of availability in return. On February 20, 2014, Defendant's counsel responded by letter confirming that March 11, 2014, was a mutually agreeable date for Plaintiff's deposition. In addition, Defendant's counsel stated: "In response to your repeated references and requests for dates and times for the deposition of Defendant Weaver, as I have repeatedly stated, dates and times for Defendant Weaver will be provided after the completion of your deposition in this case (unless something occurs at your deposition that makes the deposition of Defendant Weaver inappropriate)." Thereafter, on February 24, 2014, Defendant noticed Plaintiff's deposition for March 11, 2014. On February 28, 2014, Plaintiff filed the instant motion to compel.

Plaintiff attended his scheduled deposition on March 11, 2014. On March 14, 2014, Defendant filed a response to Plaintiff's motion. In his response, Defendant contends that "during

Plaintiff's deposition that was finally taken on March 11, 2014, Plaintiff's testimony made clear that he has no viable claim against Trooper Weaver and to subject Trooper Weaver to the burden of a discovery deposition in light of Plaintiff's evisceration of his claim is unwarranted." Defendant also argues that "it is now clear that no further discovery is necessary in this case," and that "Trooper Weaver will promptly file a motion for summary judgment as there are no genuine issues of material fact in dispute in this case."

Rule 30(a)(1) clearly states that "[a] party may, by oral questions, depose any person, including a party, without leave of court...." Of course, for good cause shown, a Court may issue a protective order prohibiting or limiting discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(b)(2). However, while a court has "broad discretion to control the combination depositions permitted in a given case; the sequence in which such discovery devices may be deployed; and the limitations imposed upon them,"*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 595 n. 13 (2007), "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *see also Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y.1997) ("[I]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."); *Frideres v. Schlitz*, 150 F.R.D. 153, 156 (S.D.Iowa 1993) ("Protective orders prohibiting depositions are rarely granted."); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.2001) ("Protective orders which totally prohibit a deposition should rarely be granted absent extraordinary circumstances."); *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D. N.C. 1988). ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."). The burden of demonstrating good cause sufficient

to justify the complete prohibition of a deposition is a heavy one. *See Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D.Md. 2006) (stating that the good cause requirement "creates a rather high hurdle" for a party seeking to prohibit a deposition).

Here, the only justification Defendant gives for seeking to prohibit his deposition is that Plaintiff's case lacks merit such that "to subject Trooper Weaver to the burden of a discovery deposition in light of Plaintiff's evisceration of his claim is unwarranted." However, Defendant cites no case law, nor has the Court found any, allowing one party to refuse to be deposed because he believes the other party's case is weak. While in some cases, a court may exercise its discretion to issue a protective order "stay[ing] discovery pending determination of a dispositive motion," *Tilley v. U.S.*, 270 F.Supp.2d 731, 734 (M.D.N.C.2003), the question of whether Plaintiff's claims are meritorious is not presently before this Court. Moreover, Defendant has articulated no facts showing any specific harm he would suffer from being deposed. *See Merit Industries, Inc. v. Feuer*, 201 F.R.D. 382, 384–385 (E.D.Pa.2001) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."). The Court finds that Defendant has not met his heavy burden of showing good cause for this Court to prohibit Plaintiff from taking Defendant's deposition.

Accordingly, Plaintiff's Motion to Compel Deposition (Doc. 151) is **GRANTED**. Within seven (7) days of the date of this order, Defendant will provide Plaintiff with three dates between March 31, 2014, and April 11, 2014, on which Defendant is available for a deposition. Plaintiff will promptly notice the deposition in accordance with the Federal Rules of Civil Procedure.

### III. CONCLUSION & RECOMMENDATION

Based on the foregoing:

(1) The undersigned recommends that Plaintiff's Motion for Leave to Amend Complaint

(Doc. 145) be **DENIED.**

(2) Plaintiff's Motion to Retain Experts (Doc. 146) is **DENIED**.

(3) Defendant's Motion to Strike (Doc. 152) is **DENIED**.

(4) Plaintiff's Motion to Compel Deposition (Doc. 151) is **GRANTED**. Within seven (7) days of the date of this order, Defendant will provide Plaintiff with three dates between March 31, 2014, and April 11, 2014, on which Defendant is available for a deposition.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se*, certified mail return receipt requested, and any counsel of record, as applicable.

**IT IS SO ORDERED**

DATED: March 24, 2014                    /s/ *James E. Seibert*
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE