IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DENNIS GIVENS,

    Plaintiff,

v.                                        Civil Action No. 5:12CV145
                                                (STAMP)

SCOTT R. SMITH, KEITH C. GAMBLE,
STEPHEN M. FOWLER, D. LUKE FURBEE,
OFFICER S.A. ZIMMERMAN,
OFFICER J.E. DEAN,
OFFICER J.C. WEAVER
a/k/a JACK C. WEAVER,
HONORABLE JAMES P. MAZZONE,
HONORABLE ARTHUR M. RECHT,
HONORABLE RONALD E. WILSON
and KENNETH W. BLAKE,
individually and collectively,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATIONS OF MAGISTRATE JUDGE
DENYING PLAINTIFF'S MOTION TO AMEND,
AND AFFIRMING AND ADOPTING FINAL ORDERS
OF MAGISTRATE JUDGE
DENYING PLAINTIFF'S MOTION TO RETAIN EXPERTS,
AND GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION**

I.   Procedural History

On September 28, 2012, the pro se[1] plaintiff initiated this action in this Court by filing a civil rights complaint which alleges that all of the named defendants have conspired to deprive him of fair access to the courts. The plaintiff's complaint

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

alleges violations of the First and Fourteenth Amendments of the United States Constitution and asserts causes of action under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court then referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation.

Thereafter, the defendants all filed motions to dismiss. Following the full briefing of all of the defendants' motions, Magistrate Judge Seibert issued a report and recommendation recommending that this Court dismiss the plaintiff's complaint as to all defendants except defendant Officer J.C. Weaver ("Weaver"). This Court affirmed the magistrate judge's report and recommendations in its entirety, thus, the only remaining defendant in this action is Weaver.[2]

The plaintiff then filed a motion to amend the complaint, along with several other motions. In the motion to amend the complaint, the plaintiff seeks to add two West Virginia state police officers as defendants. The plaintiff argues that leave should be granted because his proposed amended complaint contains a more detailed description of the facts at issue. The plaintiff asserts that he is adding these defendants after disclosures were

---

[2]A complete history of this case is detailed in the memorandum opinion and order issued by this Court on July 1, 2013. mECF No. 103.

made in this case that named those defendants as persons who may have evidence related to this action.

Weaver filed a response to the plaintiff's motion arguing that the proposed amendment is futile because it fails to state a claim upon which relief can be granted and it adds nothing new to the allegations against Weaver.  Further, Weaver asserts that the amendment has been requested in bad faith in order to renew claims that have already been dismissed.

The plaintiff also filed a motion to retain expert witnesses and defendant filed a motion to strike that motion.  Further, the plaintiff filed a motion to compel deposition, the defendant filed a response in opposition to that motion, and the plaintiff filed a reply to the defendant's response.

Magistrate Judge Seibert issued a report and recommendation recommending that this Court deny the plaintiff's motion to amend the complaint.  Further, the magistrate judge entered final orders denying the plaintiff's motion to retain expert witnesses, denying the defendant's motion to strike, and granting the plaintiff's motion to compel deposition.  The parties were informed that they had fourteen days within receipt of the recommendation to file written objections with this Court and that failure to do so would waive their right to appeal.  The plaintiff timely filed objections to the report and recommendation as to the motion to amend and to the final orders as to the other two motions.

For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The plaintiff has filed objections and this Court will review the portions of the magistrate judge's report and recommendations with which these objections take issue de novo. All portions of the report and recommendations to which the plaintiff has not objected are reviewed for clear error.

## III. Discussion

In his objections, the plaintiff makes generalized arguments that the magistrate judge is biased against him and favors the defendant in his decisions, that the magistrate judge incorrectly stated that the plaintiff's claim against Weaver would not have survived a motion to dismiss had the plaintiff not been pro se, and finally, that the magistrate judge's findings as to the motion to amend and the motion to retain experts is inconsistent with federal law. Additionally, the Court notes that the plaintiff uses the name "Zimmerman" in his objections when referring to the defendant

4

although the defendant in this action is Weaver (Zimmerman is the remaining defendant in cases of Greg Givens and Carol Pizzuto which are also pending in this Court).

A. Motion to Amend

The magistrate judge found that the plaintiff's proposed amendment would be futile because it clearly fails to state a claim upon which relief may be granted and would be subject to immediate dismissal. The magistrate judge noted that the plaintiff's claims against the new defendants are conclusory and void of any factual allegations that would give rise to a claim for relief because the new claims simply recite the other claims in the original complaint. Further, the magistrate judge found that the amendment does not alter any of the previous claims that have already been dismissed and that the remaining claim against Weaver only survived a motion to dismiss because of the deferential treatment the plaintiff received as a pro se plaintiff. Finally, the magistrate judge found that the disclosure argument is not supported and cannot carry the plaintiff's motion.

The magistrate judge then went on to note that Carol Pizzuto and Greg Givens, two plaintiffs in corresponding cases, Pizzuto v. Smith, et al., 5:12CV149 (N.D. W. Va.), and Givens v. Smith, et al., 5:12CV155 (N.D. W. Va.), respectively, have filed similar amendments. The only difference between the amendments are the defendants they are attempting to join which is based on whether or

5

not those defendants had already been named in the plaintiffs' original complaints and had already been dismissed by this Court. Thus, the magistrate judge found that it is apparent that the plaintiffs in each of these cases is simply taking a pre-prepared statement of generic allegations and adding the select defendants into the list.

This Court finds that the proposed amendment by the plaintiff would be futile as the amendment simply makes the same claims against the two new defendants as the plaintiff has made against Weaver. The amendment the plaintiff seeks to add reiterates the same arguments the plaintiff has made against Weaver but simply attempts to add the defendants as they were "part and parcel" to the complained of conduct by Weaver. Further, as the magistrate judge noted, it appears that the plaintiff is using a form of allegations and filling in the names of defendants who had not yet been dismissed from this action. This use of forms is even more apparent from the plaintiff's objection to the report and recommendation which refers to the remaining defendant in the corresponding cases of Greg Givens and Carol Pizzuto, Officer Zimmerman, instead of the remaining defendant in the current action, Weaver. As such, the findings of the magistrate judge are affirmed and adopted and the plaintiff's motion to amend is denied.

B.  <u>Other Motions</u>

Although it is unclear from the plaintiff's objections whether or not he is objecting to all of the magistrate judge's findings or only the magistrate judge's findings as to the motion to amend and the motion to retain experts, this Court will undergo an analysis of the plaintiff's remaining motions, including the motion to compel deposition.

First, as to the motion to compel a deposition, that motion was decided in the plaintiff's favor. Although the plaintiff contends that the magistrate judge is biased against him, the magistrate judge found in his final order that the defendant was required to schedule a deposition to be taken by the plaintiff. As such, the plaintiff's objections, as they pertain to this motion, are overruled and the plaintiff's motion to compel a deposition is granted.

Second, as to the motion to retain experts, this also did not necessarily foreclose the plaintiff from attaining the relief he sought through the motion. The magistrate judge found that the motion was denied if the plaintiff was seeking leave of the Court to retain expert witnesses. As the magistrate judge found, and which this Court now finds, the plaintiff is free to retain any expert witness he chooses as long as he complies with the Federal Rules of Civil Procedure and this Court's local rules in doing so. No leave of court is required.

Further, as the magistrate judge reasoned, the motion to retain experts is not sufficient to fulfill the requirements of an expert witness disclosure pursuant to Federal Rule of Civil Procedure 26 if that is what the plaintiff was attempting to do. However, again as noted by the magistrate judge, the plaintiff may supply evidence to remedy his failure at this point pursuant to Federal Rule of Civil Procedure 37. Accordingly, the magistrate judge denied the defendant's motion to strike although he had denied the plaintiff's motion to retain experts.

The plaintiff's objections thus must be overruled. Based on the findings of the magistrate judge, which do not foreclose the plaintiff from being able to retain an expert(s), it does not appear that the magistrate judge's findings are biased against the plaintiff. Further, the magistrate judge based his findings on the Federal Rules of Civil Procedure. As such, this Court does the same in finding that the magistrate judge correctly found that the plaintiff's motion to retain experts should be denied pursuant to Federal Rule of Civil Procedure 26.

## IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's motion to amend his complaint is DENIED and the plaintiff's objections thereto are OVERRULED. Further, the magistrate judge's final orders as to the other

8

motions are AFFIRMED and ADOPTED in their entirety.  As such, the plaintiff's motion to compel deposition is GRANTED; the plaintiff's motion to retain experts is DENIED; and the plaintiff's objections thereto are hereby OVERRULED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    April 9, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE